Opinion by
Delaney, J.
§ 8 20. Estoppel; ratification; facts which are held not to constitute; case stated. Harrington owned a gold watch worth $125 which he loaned to one Ryan, and Ryan, without the knowledge or permission of Harrington, pawned-the watch to Wilderman for $25. Some time- thereafter Harrington made inquiry of Wilderman about the watch and was informed of the fact that Ryan had pawned it. He asked Wilderman when the time for its redemption would expire, and the latter inquired: “What of it? Do you want to take it out? ” to which the former replied: “No, I guess Ryan will take it out,” and went away without claiming the watch or informing Wilder-man that it was his, Harrington’s, property. Ryan at that time, and for several days thereafter, was in the city where the watch was pawned, but left the city without redeem *724 ing the watch. Harrington brought this suit against Wilderman in justice’s court to recover the watch or its value. In that court judgment was rendered against him. He appealed to the county court and there recovered judgment for the watch or its value, $125, and costs. Held: Appellant relied on the foregoing facts as an estoppel, or a ratification, or both. We cannot accept this view of the case. It is to be observed that no imputation is cast upon the good faith of Harrington. Counsel, however, insist that he should not be heard to dispute Wilderman’s claim on the watch. They present the following proposition, which is the corner-stone of their case: “ Where one person has clothed another with all the apparent indicia of ownership of a chattel, and thereby enables such person to dispose of such chattel as his own, to the detriment of an innocent purchaser, it will be held, upon slight evidence of ratification on the part of the owner, that such person had authority to dispose of it, and will estop the owner from disputing his authority.” We have no special objection to this proposition when applied to certain conditions of fact. For instance, one of the cases cited by counsel is Gass v. Hampton, 36 Nevada, 185. There the plaintiff intrusted a bank with the possession of certain negotiable securities which were indorsed in blank. The bank transferred these securities, in the regular course of business, to innocent third persons. It was held that the plaintiff could not recover the securities, but must look to the bank. So, in the present case, if the plaintiff had intrusted Ryan with a ten-dollar bank bill, or a promissory note payable to bearer, and Ryan had transferred either to the defendant, for value, the plaintiff could not recover against the purchaser. But loaning Ryan the watch is quite a different matter. In such case, the receiver of such property takes it at his own risk. [Dodd v. Arnold, 28 Tex. 98.] Was there anything in Harrington’s conduct toward Wilderman which should prevent his recovery in this action? Nothing, as we think. He did nothing, nor did *725 be say anything, to influence the conduct of Wilderman in any way. But it is said that he should have told Wilderman who owned the watch, in order that he might proceed against Ryan, and thus protect himself. How should he be required to do this? He had done nothing to put Wilderman into the difficulty. What principle of law or equity bound him to interfere actively in order to get Wilderman out of a position into which he had goné of his own accord? But suppose he had told Wilderman all the facts; the record does not show that anything could have been made out of Ryan. Besides, Wilderman still has all the rights against Ryan which he had before, and the fact that the latter has left the city has not lessened them in any degree.
May 14,1885.
Affirmed.